```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LOUIS E. THRYOFF and VALERIE THYROFF

                         Plaintiffs,           05-CV-6607T

              v.                               DECISION
                                               and ORDER
NATIONWIDE MUTUAL INSURANCE COMPANY,
SHARON EASTMAN, RANDY FERRARO, and
DUANE WELDON,

                         Defendants.
_____
```

## INTRODUCTION

Plaintiffs Louis E. Thyroff ("Thyroff" or "plaintiff") and Valerie Thyroff brought this action against the above-named defendants in New York State Supreme Court alleging that defendant Nationwide Mutual Insurance Company ("Nationwide") engaged in malicious prosecution against Thyroff by initiating a federal counter-claim action against him. Plaintiffs also alleged that defendants Sharon Eastman ("Eastman"), Randy Ferraro ("Ferraro"), and Duane Weldon ("Weldon"), all former co-employees of the plaintiff, engaged in a conspiracy with Nationwide to engage in malicious prosecution.

On November 15, 2005, defendants removed this action to this court on grounds that individual defendants Eastman, Ferraro, and Weldon were fraudulently joined as defendants in order to avoid diversity jurisdiction. The individual defendants contended that the plaintiffs could not, as a matter of law, state any claim against them, and therefore they were joined as defendants solely for the purpose of defeating diversity jurisdiction.

On December 5, 2005, plaintiffs simultaneously filed an Amended Complaint and a motion for remand of the case to state court. On December 16, 2005, defendants filed a motion to dismiss the Amended Complaint on grounds that plaintiffs had failed to state a cause of action against any of the defendants.

For the reasons set forth below, I grant the plaintiffs' motion for remand, and deny as moot defendants' motion for summary judgment.

## BACKGROUND

Plaintiff Louis Thyroff is a former insurance agent who sold various Nationwide Insurance policies to his customers. On September 19, 2000, and without notice, Nationwide terminated its relationship with Thyroff. In doing so, Nationwide took control of computer equipment leased to Thyroff by Nationwide--which equipment included several of Thyroff's personal data files and software programs.

On October 2, 2000, Thyroff filed a federal action in this court (the "original action") claiming, among other things, that Nationwide breached a contract with him pursuant to which he was allowed to be a Nationwide Insurance Agent. Thyroff also alleged a state-law tort claim against Nationwide for the defendant's alleged conversion of his electronic data, and several other tort claims. By Decision and Order dated October 26, 2004, this court dismissed Thyroff's breach of contract claim, and that Order was

affirmed by the Second Circuit Court of Appeals on August 21, 2006. With respect to Thyroff's conversion claim, the Second Circuit held that the question of whether or not a conversion claim could be maintained based on the alleged conversion of electronic property was an undecided issue of New York State law, and therefore the court certified that question to the New York State Court of Appeals.  The Second Circuit has retained jurisdiction over the matter pending a response form the New York State Court of Appeals.

In response to Thyroff's original action, Nationwide filed a counterclaim against Thyroff, alleging that Thyroff interfered with its business by soliciting Nationwide customers to cancel their insurance policies with Nationwide and instead purchase policies from Thyroff offered by competing insurance carriers.  Nationwide also alleged that Thyroff disclosed confidential business information to third parties. Nationwide brought counterclaims for breach of contract, breach of fiduciary duty, and interference with business relations.  All of Nationwide's claims were subsequently dismissed by the court.

Following the dismissal of Nationwide's claims against him, Thyroff filed the instant case in State Court contending that claims raised against him by Nationwide in its federal counterclaim action were wholly without merit, and constituted a malicious civil prosecution against him.  As stated above, the defendants then removed the instant action from New York State Supreme Court to this court on grounds that the individually named defendants had

been fraudulently named as defendants solely for the purpose of defeating federal diversity jurisdiction.

**DISCUSSION**

Where a defendant alleges that a plaintiff has fraudulently joined defendants for the purpose of defeating diversity jurisdiction, the defendant, absent clear fraud, "must demonstrate, by clear and convincing evidence . . . that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." Pampillona v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2nd Cir. 1998). In determining whether or not a plaintiff can state a cause of action against the non-diverse party, "courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable [claim] under state law." Deming v. Nationwide Mutual Ins. Co., 2004 WL 332741 (D. Conn. 2004).

In the instant case, the plaintiffs claim that the non-diverse defendants participated in a conspiracy with Nationwide to commit malicious prosecution. Without passing on the merits of the plaintiffs' claims, I find that such a claim may state a cause of action against the individual defendants, and therefore, the defendants were not fraudulently joined for the purpose of defeating federal jurisdiction.

To state a cause of action for conspiracy to engage in malicious prosecution, the plaintiffs must establish the underlying elements of both a conspiracy and a malicious prosecution. While there is no independent substantive tort of "conspiracy" a conspiracy claim may be alleged "to connect the actions of separate defendants with an actionable injury to show that these acts flowed from a common scheme or plan." Cunningham v. Hagedorn, 72 A.D.2d 702, 704 (N.Y.A.D. 1st Dept. 1979); Fisk v. Letterman, 424 F.Supp.2d 670,677 (S.D.N.Y. 2006). To make out a claim of a conspiracy, a plaintiff must establish the occurrence of an underlying tort, plus "(1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." Fisk, 424 F.Supp.2d at 677.

In the instant case, the plaintiffs have alleged the underlying tort of malicious prosecution. To state a cause of action for malicious prosecution under New York law, a plaintiff must establish that the defendant initiated or continued a civil proceeding against the plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Russell v. Smith, 68 F.3d 33, 35 (2nd Cir. 1995); Rizzo v. Edison Inc., No. 02-CV-6322 (W.D.N.Y. March 10, 2005)(Telesca, J.); aff'd. 2006 WL 759757 (2nd Cir. March 24 2006); Rosario v

Amalgamated Ladies' Garment Cutters Union, 605 F.2d 1228 (2nd Cir. 1979).  In a case where the alleged malicious prosecution involved a civil, as opposed to criminal prosecution, the plaintiff must further establish that he was subjected to "special injury."  Engel v. CBS Inc., 961 F.Supp. 660, 662 (S.D.N.Y. 1997).

I find, that for purposes of determining whether or not the individual defendants named in this case were fraudulently joined, that the defendants have failed to establish that there is no possibility that the plaintiffs can state a cause of action against the individual defendants in state court.  Plaintiffs have sufficiently alleged the elements of malicious prosecution in that they have alleged that Nationwide initiated a proceeding against them (by filing counter claims in the previous federal action); that there was no basis for the claims contained in the counterclaims; that the proceedings terminated in Thyroff's favor, and that Nationwide was motivated by malice to take these actions against Thyroff.  With respect to plaintiffs allegations of conspiracy, plaintiff has alleged that the individual defendants, in combination with Nationwide, conspired with each other for the purpose of engaging in malicious prosecution.  Plaintiffs have alleged that each of the individual defendants took overt acts towards the goal of the conspiracy by supplying allegedly false information to Nationwide which Nationwide used as a basis for bringing its allegedly malicious prosecution. Nationwide committed overt acts in furtherance of the conspiracy by allegedly soliciting

6

such false information, offering to reward the individual defendants for supplying such information, and filing the counterclaims against Thyroff. Plaintiffs have alleged that the defendants acted intentionally for the purpose of harming the plaintiff, and in the case of the individual defendants, for the purpose of taking over Thyroff's business. Finally, plaintiff has alleged that he was injured as a result of the malicious prosecution and conspiracy to engage in malicious prosecution. Because the plaintiffs have sufficiently alleged the elements of a claim for malicious prosecution and conspiracy to engage in a malicious prosecution, I find that the defendants have failed to establish by clear and convincing evidence that the individual defendants were fraudulently joined or that there is no possibility that plaintiffs can state a cause of action against the defendants in state court.

The individual defendants argue, however, that the claims against them are not cognizable as a matter of law, and therefore not only must the plaintiffs' motion for remand be denied, but the defendants' motion to dismiss must be granted as well. In support of their position, defendants contend, inter alia, that the plaintiffs' claims are: (1) barred by the doctrine of res judicata; (2) fail because a corporation cannot "conspire" with individuals; (3) deficient for failure to allege harm resulting from the alleged malicious prosecution. I address these claims seriatim.

With respect to defendants' claims that the instant malicious prosecution claim is barred under the doctrine of res judicata on grounds that plaintiffs could have brought their claims in Thyroff's previous federal action against Nationwide, I note that a malicious prosecution claim does not mature until the completion of the allegedly malicious prosecution, and accordingly, Thyroff could not have brought this claim in the previous action. See Rizzo v. Edison Inc., No. 02-CV-6322 (W.D.N.Y. March 10, 2005)(Telesca, J.)(cause of action for malicious prosecution does not accrue until completion of underlying proceeding); aff'd. 2006 WL 759757 (2nd Cir. March 24 2006)  While defendants argue that the underlying facts supporting the malicious prosecution are the same or similar to the claims raised in the prior action, and therefore are subject to issue and/or claim preclusion, I find that plaintiffs' cause of action is sufficiently distinct to avoid preclusion.  The instant case alleges that Nationwide maliciously prosecuted the plaintiffs, and that several parties engaged in a conspiracy to engage in that prosecution.  Those claims were not ripe until the previous proceeding concluded.  Accordingly, I find that plaintiff's claims are not barred by res judicata.

Defendants next argue that as a matter of law, a corporation cannot conspire with individuals who are agents, officers, or co-employees of the corporation.  While it is true that a corporation cannot consipre with its agents or employees who are acting within the scope of their employment, Tufano v. One Toms Point Lane Corp.,

64 F.Supp.2d 119, 133 (E.D.N.Y. 1999), in the instant case, plaintiff's have alleged that the individual co-conspirators were acting <u>outside</u> the scope of their employment. Should a trier of fact conclude that the individual defendants were indeed acting outside the scope of their employment, a conspiracy claim could then be cognizable despite the fact that the individual co-conspirators were employees or agents of the corporation.

Finally, defendants contend that plaintiffs have failed to state a cause of action for malicious prosecution because plaintiffs have failed to allege that they were harmed as a result of the alleged malicious prosecution. Defendants contend that while the complaint does allege that the plaintiffs were harmed, the complaint identifies the defendants' alleged failure to make certain payments to the plaintiff as the source of the harm, rather than the prosecution itself. Defendants also contend that the injury and damages alleged in the complaint are not "special injuries" as required to state a claim for malicious prosecution.

I find, however, that the plaintiffs have adequately alleged that Thyroff was subjected to special injuries as a result of the defendants' alleged malicious prosecution. The complaint alleges that as a result of the defendants' actions against them, which included filing a federal counterclaim action against Thyroff, the plaintiffs suffered severe emotional harm which required both psychological counseling and medication. Such a claim satisfies a claim of "special injury." <u>See</u> <u>Engel v. CBS, Inc.</u>, 93 N.Y.2d 195,

9

205 (1999)(citing with approval cases in which courts found that claims of extreme emotional harm could establish existence of a special injury). I have considered defendants' remaining arguments and find them to be without merit.

**CONCLUSION**

For the reasons set forth above, I grant plaintiffs' motion to remand this case to New York State Supreme Court, County of Monroe (Index #05-12017) where it was initially brought, and deny defendants' motion to dismiss.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         September 29, 2006

10